[Peckham, DeWitt & Co. v. Davis.]

# Peckham, DeWitt & Co. *v.* Davis.

*Action by Purchaser against Vendor of Soda-Water Apparatus.*

1. *Sale of machinery, or manufactured apparatus; warranty express or implied.*—On a sale of "soda-water apparatus with safety-valves," which the purchaser has no opportunity to inspect and examine in advance of its delivery, there is an implied warranty that the apparatus has safety-valves attached; and the want of them justifies the purchaser in refusing to receive it, and recovering the purchase-money paid, although it may appear that safety-valves are not indispensable to the efficiency of such apparatus.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This action was brought by J. H. Davis against Peckham, DeWitt & Co., a partnership engaged in business in Baltimore; and was commenced by attachment, sued out on the 9th September, 1890, on the ground of the defendants' non-residence. The complaint contained the common money counts, and a special count which claimed $300, with interest, which plaintiff had paid under a contract for the purchase of a certain soda-water apparatus from the defendants; alleging that the apparatus delivered to him did not correspond with the description given in the contract, and that he refused to receive it. The defendants pleaded the general issue, set-off, and two other pleas, which are not set out in the record. The judgment-entry is in these words: "Came the parties by their attorneys, and pleas numbered 3 and 4 are withdrawn; and the defendants saying nothing in bar or preclusion as to plaintiff's right of recovery, and the cause coming on to be heard by the court without the intervention of a jury, the parties having waived a jury in open court, the court proceeds to hear the evidence;" and on the evidence adduced, all of which is set out in the bill of exceptions, rendered judgment for the plaintiff, for $316. This judgment, with other matters, is assigned as error.

J. Q. COHEN, for appellants.

MOUNTJOY & TOMLINSON, *contra.*

COLEMAN, J.—Suit was begun by attachment against the defendants, non-residents residing in Baltimore, Md. Issue having been joined upon the pleas of defendants, the case was tried and determined by the court without the intervention of a jury. Did the evidence justify the conclusion and judgment of the court, is the question for consideration.

The cause of action grew out of a sale of a soda-water apparatus to appellee, who was plaintiff in the court below. The negotiation for its purchase began between J. H. Davis, plaintiff, and Charles DeWitt, a member of the firm of Peckman, DeWitt & Co., while on a visit to Birmingham in the interest of his firm, and was concluded by correspondence between plaintiff and defendants. It is contended by appellants that the firm was not engaged in the business of manufacturing or selling soda-water apparatus, and that Mr. DeWitt had no authority or power to bind the partnership in a transaction of this kind; that it was beyond the scope of his authority, and that plaintiff contracted with DeWitt at his own risk.

There is but little merit in this contention. True, the testimony of Mr. DeWitt tends to show that he acted in the matter for himself and not for the firm. In this respect, it conflicts with that of plaintiff. Pretermitting the testimony of these two witnesses, the correspondence for the purchase was altogether between J. H. Davis and Parkham, DeWitt & Co., and not with Charles DeWitt. New York Exchange for $300.00, in part payment, was inclosed to the firm at Baltimore. The stated account introduced in evidence, showing the balance claimed, after crediting the payment of $300, represents it as due to Parkham, DeWitt & Co. The witness Charles Bock, examined by defendants, testifies: "I sold the soda-water apparatus to Parkham, DeWitt & Co." This witness testifies that he himself shipped the apparatus to Davis, on account of Parkham, DeWitt & Co. There can be no reasonable doubt that the apparatus was the property of the defendants as partners, and not the property of DeWitt individually, and that it was sold as partnership property by the partnership to Davis.

The next question is as to the liability of defendants growing out of the contract. When goods are sold by description, and the buyer has not the opportunity of inspecting them, it is of the very essence of the undertaking that the goods delivered answer to the description, and there is an implied warranty to this effect or extent.—*Gachet v. Warren & Burch*, 72 Ala. 292. If not a warranty strictly speaking, but a condition, as held by some authorities, failing to answer the description, it is not the thing purchased, and the buyer has the

[Penn & Co. v. Smith, Grainger & Cantrell.]

right to return the article.—Benjamin on Sales, pp. 442, 673.

The letter of the purchaser, Davis, described with particularity the outfit desired, and among other attachments described were "safety-valves." The reply to this letter stated, that the apparatus was supplied with "safety-valves pressure and water-guages." The uncontroverted evidence is, that there were no safety-valves. Defendants attempted to prove that safety-valves were not indispensable in an apparatus of this kind. We need not consider the weight of the conflicting evidence on this point. The plaintiff's purchase was a soda-water apparatus with safety-valves, and defendant's letter represented that it was supplied with safety-valves, when in fact it had none. We think, in other respects, the testimony of plaintiff was sufficient to show that the article sold did not come up to the requirements of the contract. The proof shows that plaintiff promptly rejected the goods shipped, and notified the defendant that he would not receive them. He had the right, under the proof, to recover back the purchase-money paid.

There is no error in the record, and the judgment is affirmed.